**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: MOSCOWITZ & NIXDORF, LLP,

    Debtor.
_____/

JOHN T. KENDALL, Chapter 7 Trustee,

    Plaintiff,

    v.

ERIC M. NIXDORF,

    Defendant.
_____/

No. C 07-2603 PJH
BK Adv. Case No. 06-4255 AN

**ORDER GRANTING WITHDRAWAL OF REFERENCE AND SETTING CASE MANAGEMENT CONFERENCE**

       This matter is before the court following the bankruptcy court's May 11, 2007 order recommending withdrawal of the bankruptcy court's reference under 28 U.S.C. § 157(d), pursuant to Bankruptcy L.R. 5011-2(b). The court subsequently afforded the parties an opportunity to file briefs addressing the issue, which they did. For the reasons that follow, the court GRANTS withdrawal of the bankruptcy court's reference pursuant to § 157(d).

       Plaintiff John Kendall ("trustee") is the chapter 7 trustee in a chapter 7 bankruptcy case filed by debtor law firm, Moskowitz & Nixdorf LLP, 04-46921 RN. Defendant Eric Nixdorf ("Nixdorf"), proceeding pro se, was debtor's former managing partner, and is the responsible individual for debtor in the chapter 7 bankruptcy case.

       On November 20, 2006, the trustee filed an adversary proceeding, 06-4255 AN,

against Nixdorf, which raises several claims under the Bankruptcy Code, including claims to avoid preferential transfers and fraudulent conveyances in the amounts of $673,258.50 and $1,007,635.91, under Bankruptcy Code §§ 544, 547, and 548.  Nixdorf, who did not file a proof of claim in bankruptcy case no. 04-46921 RN, has asserted his right to a jury trial in the adversary proceeding, and refuses to consent to a trial by the bankruptcy court.

In spite of the fact that the above claims likely constitute "core" proceedings in the bankruptcy case, the United States Supreme Court has held that the Seventh Amendment entitles a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by a bankruptcy trustee seeking monetary relief in a fraudulent or preferential transfer action.  *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 40 n.3, 50 (1989) (fraudulent transfer case); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (preferential transfer case).  However, if all parties consent and the district court designates the bankruptcy court to do so, the bankruptcy court may conduct the jury trial.  *See* § 157(e).

Both parties agree that Nixdorf has a right to a jury trial on the complaint filed in the adversary proceeding.  Because Nixdorf refuses to consent to a trial in the bankruptcy court, the court GRANTS withdrawal of the bankruptcy court's reference pursuant to § 157(d).

The parties are ordered to appear for a case management conference in this case on **August 30, 2007**, at 2:30 p.m., in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c). **Not less than seven (7) calendar days** before the conference, counsel shall file a joint case management statement addressing each of the items listed in the "Standing Order For All Judges of the Northern District -- Contents of Joint Case Management statement," which is attached to this order and can also be found on the court's website.  A proposed order is not necessary.  Following the conference, the court will enter its own Case

Management and Pretrial Order. If any party is proceeding without counsel, separate statements may be filed by each party.

Each party shall appear personally or by counsel prepared to address all of the matters referred to in this Order and with authority to enter stipulations and make admissions pursuant to this Order. Any request to reschedule the date of the conference shall be made in writing, and by stipulation if possible, at least ten (10) calendar days before the date of the conference and must be based upon good cause.

**IT IS SO ORDERED.**

Dated: August 8, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge